IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SINKE MULGETA,

Plaintiff,

vs.

ISS FACILITY SERVICES, INC.

Defendant.

## COMPLAINT AND JURY TRIAL DEMAND

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended in 2008, to correct unlawful employment practices and to provide appropriate relief to Plaintiff and former employee of the Defendant, Sinke Mulgeta ("Mulgeta").  The Plaintiff at all time material herein was a qualified individual with a disability.  The Defendant failed to engage in an interactive process with the Plaintiff who needed a reasonable accommodation to do her job.  In lieu of seeking a reasonable accommodation for the Plaintiff's physical impairment with work restrictions, the Defendant elected to discharge the Plaintiff.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1343.  This action is authorized and instituted pursuant to the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et. seq.*, as amended by the ADA Amendment Act of 2008 ("ADAAA").

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Colorado.

PARTIES

3.      Plaintiff, Sinke Mulgeta ("Plaintiff" or "Mulgeta"), is a citizen of the United States and a resident of the City of Aurora, and the State of Colorado.  The Plaintiff currently resides at 15037 East Mexico Drive, Aurora, Colorado 80012.

4.      At all relevant times, Defendant, ISS Facility Services, Inc., ("Defendant" or "ISS Facility"), has continuously been a Delaware corporation doing business in the State of Colorado which, among other things, provides custodial services at the Denver International Airport.  The Defendant has continuously employed and does now employ at least 15 employees.

5.      At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101 (5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

6.      At all relevant times, the Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title I of the ADA, as amended, by the Defendant.  (See Exhibit 1).

2

8.      On July 15, 2016, the Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission.  (See Exhibit 2).

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.  At all relevant times, the Plaintiff is and has been a qualified individual with a disability within the meaning of the ADA and ADAAA, 42 U.S.C. §12101 *et. seq.*

10.     The Plaintiff is an individual with a "disability" with the meaning of the ADA.  The Plaintiff has a physical impairment, a record of a physical impairment, and was regarded as having a disability under the ADA.

11.     The Plaintiff could perform the essential functions of her position with a reasonable accommodation.

12.     Since at least February 24, 2015, the Defendant has engaged in unlawful employment practices at its Colorado facility, in violation of the ADA/ADAAA.

13.     Mulgeta first started working for the Defendant on December 5, 2005, as a custodian at Denver International Airport.

14.     On or about February 24, 2015, while at work, the Plaintiff injured her shoulder and lower back taking trash out of her cart.

15.      As a result of the injury, Plaintiff was diagnosed with Trapezius/Rhombard Strain, Lombar Plain, and Thoracic Strain.

16,     Pursuant to a Workmens' Compensation claim, the Plaintiff received medical treatment and was placed on limited or light duty work assignments by her treating physician.

17.     On August 24, 2015, the Plaintiff's treating physician, Dr. Albert Hattem, performed the final examination of the Plaintiff, and stated that the Plaintiff has reached maximum medical improvement.

18.     Dr. Hattem stated that Plaintiff should remain on modified work duty; that she should comply with permanent restrictions of no lifting more than 10 pounds, no pushing or pulling more than 20 pounds, and remain seated 50% of the day.

19.     On or about September 2, 2015, Dr. Hattem released the Plaintiff from medical care.

20.     On or about September 8, 2015, the Defendant met with the Plaintiff, gave her a letter dated September 2, 2015; the letter stated that the Defendant could not accommodate her 50% sitting restriction.  (See Exhibit 3).

COUNT I FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

21.     All prior allegations are incorporated by reference.

22.     On September 8, 2015, the Plaintiff was performing the essential functions of her job on a modified work schedule.

23.     On September 8, 2015, the Defendant failed to initiate the informal interactive process to determine what reasonable accommodation would allow the Plaintiff to perform the essential functions of her job with the 50% sitting restriction.

24.     On September 8, 2015, the Plaintiff was performing modified job duties per her Physician's instructions and restrictions, the Defendant failed to establish how continued modified work duties for the Plaintiff would create an undue hardship on Defendant.

25.     On or about September 8, 2015, the Defendant ceased to schedule the Plaintiff for any work.

26.     Defendant's actions were exercised with malice and reckless indifference towards Mulgeta's federally protected rights.

27.     Defendant knowingly and willfully engaged in illegal employment practices and policies that have discriminated against her because of her disability and because she complained of discrimination. Such practices violated the ADA/ADAAA, 42 U.S.C. § 12101 *et seq.*

28.     As a proximate result of Defendant's actions Mulgeta has suffered loss of career advancement opportunities, emotional and mental injury, loss of self-esteem and other injuries and loses.

## COUNT II DISCHARGED BASED UPON DISABILITY

28.     All prior allegations are incorporated by reference.

29.     On or about September 8, 2015, the Defendant ceased to provide the Plaintiff modified work assignments.

30.     At the time Defendant ceased to schedule the Plaintiff for modified work assignments the Plaintiff was satisfactory performing all her duties of position in a satisfactory manner.

31.     The Defendant has conceded that Plaintiff was discharged because the Defendant alleged that it had no position available that could reasonably accommodate a permanent restriction that required her to be seated 50% of the time.  (See Exhibit 3).

32.     Defendant terminated the Plaintiff without attempting to provide the Plaintiff a reasonable accommodation for her 50% permanent sitting restriction.

33.     Defendant's actions were exercised with malice and reckless indifference towards Mulgeta's federally protected rights.

34.     Defendant knowingly and willfully engaged in illegal employment practices and policies that have discriminated against her because of her disability and because she complained of discrimination.  Such practices violated the ADA/ADAAA, 42 U.S.C. § 12101 *et seq.*

35.     As a proximate result of Defendant's actions Mulgeta has suffered loss of career advancement opportunities, emotional and mental injury, loss of self-esteem and other injuries and loses.

## A PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.     Order Defendant Employer to make whole Sinke Mulgeta by providing compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices.

C.     Order Defendant-Employer to make whole Mulgeta by providing back pay, reinstatement, or front pay in lieu of reinstatement, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Employer to pay Mulgeta punitive damages for its malicious and reckless conduct described in paragraphs 7-35 above, in amounts to be determined at trial.

E.      Award the Plaintiff' reasonable attorneys' fee and expert witness fees.

F.      Award Plaintiff her costs in this action.

G.      Grant such further relief as the Court deems necessary and proper.

<u>JURY TRIAL DEMAND</u>

The Plaintiff requests a jury trial on all questions of fact raised by its Complaint.


Dated this <u>10th</u> day of October, 2016.


                Respectfully Submitted,

                ALSTON LAW FIRM LLC

                s/Nelson G. Alston
                NELSON G. ALSTON
                2851 S. Parker Road, Suite 1078
                Aurora, Colorado 80014
                Telephone: (303) 369-4444
                Facsimile:  (303) 369-4452
                Email: nalston@alstonlawfirmllc.com
                        nelsonalston@comcast.net

# EXHIBIT 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |

| | | and EEOC |
|---|---|---|
| **Colorado Civil Rights Division** | | |
| *State or local Agency, if any* | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **MRS. SINKE MULGETA** | **720.220.7531** | **5/14/1970** |

| Street Address | City, State and ZIP Code |
|---|---|
| 15037 EAST MEXICO DRIVE, AURORA, CO 80012 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ISS FACILITY SERVICE, INC** | 500+ | 303.342.6966 |

| Street Address | City, State and ZIP Code |
|---|---|
| **8400 Pena Blvd, Denver, CO 80249** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (*Specify below.*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09/02/2015    Latest: 

☒ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I, Sinke Mulgeta, began working for the Employer in December 2005 as a custodian. I performed my duties in a satisfactory manner until I was injured on the job on or about February 24, 2015. As a result of my injuries I have a permanent physical impairment that substantially limits me in major life activities. My treating physician gave me permanent medical restrictions and requested that the Respondent provide me with work that I could perform with my restrictions. The Respondent initially provided me a reasonable accommodation for my medical restrictions. On September 2, 2015, the Respondent denied me work and sent me home alleging that it had no position available that could reasonably accommodate my permanent restriction. I believe that I have been discriminated against based upon my disability, being regarded as disabled, and my record of a disability in violation of the Americans With Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

| 10.27.15 | Sinke Mulgeta |
|---|---|
| Date | Charging Party Signature |

NELSON G. ALSTON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19984514
MY COMMISSION EXPIRES SEPT. 27, 2016

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**EXHIBIT 2**

EEOC Form 161 (1/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: **Sinke Mulgeta**<br>**15037 E.Mexico Drive**<br>**Aurora, CO 80012** | From: **Denver Field Office**<br>**303 East 17th Avenue**<br>**Suite 410**<br>**Denver, CO 80203** |
|---|---|

| [ ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **541-2016-00310** | Holly B. Romero,<br>Supervisory Investigator | (303) 866-1341 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| [ ] | Your allegations did not involve a disability as defined by the Americans with Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

July 12, 2016

Enclosure(s)

John C. Lowrie, **Director**
**Denver Field Office**

*(Date Mailed)*

cc: ISS FACILITY SERVICES, INC

**EXHIBIT 3**



Date: 9/02/15

To: Sinke Mulgeta

From: Anthony Boucher, ISS Operations

Subject: Offer of FMLA Leave

Ms. Mulgeta;

On 9/02/15 you were released from care by your worker's compensation physician with permanent restrictions that require you to be seated 50% of the time. The company does not have a position available that can reasonably accommodate these restrictions.

This Notice is to inform you that you are entitled for leave for your own serious health condition pursuant to the Family and Medical Leave Act ("FMLA"). You are eligible for eighty-four (84) remaining days of consecutive FMLA leave if you so choose. You will be required to use your available paid vacation, personal leave days, and sick days during this period of FMLA leave available to you. All leave time after that will be unpaid. At the conclusion of your FMLA leave, we will re-evaluate your employment status and eligibility for any other applicable leave under the Company's leave of absence policies.

Enclosed you will find the applicable information regarding the terms and conditions of your FMLA leave. Please indicate if you wish to utilize this leave by checking the appropriate box below.

_____ I wish to take my available FMLA leave        __X__ I decline my FMLA leave

By signing below, the employee acknowledges having received, read, and understood a copy of this document:

_____ Employee signature        _____ Date

_____ Management witness

_____ Mark here if employee refuses to sign